## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Richard Kolubah Jallah,<br><br>    Petitioner,<br><br>vs.<br><br>North Dakota, State of,<br><br>    Respondent. | **ORDER SUBSTITUTING NAMED RESPONDENT AND DIRECTING RESPONDENT TO ANSWER**<br><br>Case No. 1:18-cv-227 |

### I. BACKGROUND

Petitioner was convicted in December 11, 2017, by the State of North Dakota for the offense of terrorizing. (Case No. 08-2017-CR-03178). Petitioner pled guilty and received a sentence of one-year deferred imposition, a one-year term unsupervised probation, and community service. Sometime thereafter, petitioner, a green card holder, was taken into Immigration and Customs Enforcement ("ICE") custody. Petitioner is currently incarcerated at the Sherburne County Jail in Elk River, Minnesota.

On November 5, 2018, petitioner filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Petitioner is unclear in his request for relief, but appears to ask for his felony conviction to be "dropped" or for his case to be reopened and his probation terminated.

### II. JURISDICTION OVER § 2254 PETITIONS

Petitioner appears to challenge the validity of the 2017 state conviction that allegedly forms the basis of his deportation order. Petitioner files his petition pursuant to 28 U.S.C. § 2254. § 2254 authorizes this court to "entertain an application for a writ of habeas corpus on behalf of a person

*in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). The court must first address whether or not petitioner is "in custody" within the meaning of § 2254.

The U.S. Supreme Court held that the requirement under § 2254 that the person challenging a state court judgment be "in custody" is jurisdictional. Maleng v. Cook, 490 U.S. 488, 498 (1989). The "in custody" requirement is determined at the time the petition was filed. See id. Physical custody is not necessary, but collateral consequences such as the right to vote or the risk of an enhanced sentence are not sufficient to render an individual "in custody". See id. at 494; Jones v. Cunningham, 371 U.S. 236, 240 (1963).

A habeas court *does not* have jurisdiction over a § 2254 petition filed after *expiration* of a state sentence. See Maleng, at 492; Ogunwomoju v. U.S., 512 F.3d 69, 74–75 (5th Cir. 2008); Kandiel v. U.S., 964 F.2d 794, 796 (8th Cir. 1992). But, in the present case, the state record suggests that at the time petitioner filed his habeas petition, November 5, 2018, his state sentence for one-year deferred imposition and one-year unsupervised probation had not been formally suspended and remained pending, thereby rendering petitioner "in custody" for the purposes of filing a habeas petition. Cf. Maleng, at 492 (holding that habeas petition filed after expiration of state sentence removes subject matter jurisdiction because petitioner is not longer "in custody").

Next, as a preliminary matter, the court must review the petition to ensure that the correct respondent has been named. See Rule 2(a) of the Rules Governing § 2254 Cases (requiring a petitioner currently in custody under a state-court judgment to name the state officer who has custody of the respondent).

Here, petitioner names the State of North Dakota and the South Central Judicial District as respondents, presumably because petitioner pled guilty and was convicted in state district court in the South Central Judicial District of North Dakota. While petitioner is currently incarcerated in an ICE facility because his state court sentence has not expired he remains in the legal custody of the State. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973) (state prisoner may bring petition in federal district where he is confined or in the federal district where the sentencing court is located).

North Dakota law provides,

> The director of the department of corrections and rehabilitation shall be responsible for offenders committed to the legal and physical custody of the department. The director shall retain, confine, and imprison each offender committed to the department until the expiration of the offender's sentence or until the offender is lawfully entitled to release.

N.D.C.C. § 12-47-18. Additionally, the advisory committee note to Rule 2(a) of the Rules Governing § 2254 states that a chief officer in charge of state penal institutions is a proper respondent in a § 2254 petition.

The court takes judicial notice that Leann Bertsch is the Director of the North Dakota Department of Corrections and Rehabilitation and therefore is the chief officer in charge of the State's penal institutions. It further finds that Director Bertsch functions as a proper respondent in this instance. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) ("The Director of Corrections functions as a proper respondent here. A contrary result would not serve the efficient administration of justice. In cases where a prisoner has been transferred or where his immediate custodian has otherwise been put in doubt, the Director of Corrections serves as an effective respondent and eliminates procedural roadblocks to resolution on the merits. Prompt resolution of prisoners' claims is a principal function of habeas.").

In the interest of expediency, the court shall, on its own motion, substitute Director Bertsch as the named respondent. See Darby v. North Dakota, No. 1:11-CV-071, 2013 WL 542082, at *9 (D.N.D. Feb. 12, 2013), report and recommendation adopted sub nom. Darby v. Redmann, No. 1:11-CV-071, 2013 WL 1291625 (D.N.D. Mar. 26, 2013). The case caption shall be amended accordingly.

### III. STANDARD FOR PRELIMINARY REVIEW OF § 2254 CASES

The court is required to examine § 2254 petitions to ascertain as a preliminary matter whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in district court." Rule 4 of the Rules Governing § 2254 Cases. If, on the face of the petition, it is clear petitioner is not entitled to habeas corpus relief, then the judge must dismiss the petition. Id.

In this case, the court's preliminary review under Rule 4 reveals petitioner's failure to exhaust state court remedies. See Davis v, Campbell, 608 F.2d 317, 320 (8th Cir. 1979) (failure to exhaust state remedies may be raised sua sponte by a federal court). A petition for federal habeas corpus relief by a state prisoner will not be considered unless the prisoner has exhausted all available state court remedies. 28 U.S.C. § 2254(b) and (c). To satisfy the exhaustion requirement the prisoner must show that all of his federal constitutional claims have been fairly presented to the highest available state court. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1995) ("The exhaustion doctrine is designed to give state courts one full opportunity to resolve any constitutional issues."). A state prisoner seeking federal habeas relief is not required to have spelled out every nuance of his federal constitutional claims to the state courts, but if the claim if based on the federal constitution, the prisoner must "fairly present the facts and substance of his habeas claim to the state court."

Middleton v. Roper, 455 F.3d 838, 855 (8th Cir. 2006).

Here, petitioner has not established that he has exhausted his claims in state court. Given the absence of a claim that state court remedies are futile or unavailable, it appears the petitioner has failed to exhaust his state court remedies prior to filing this action. Where a habeas petitioner fails to exhaust all state court remedies for each claim in his petition, a district court is obliged to dismiss the petition. Rose v. Lundy, 455 U.S. 509, 522 (1982).

## IV. CONCLUSION

After conducting a preliminary review of the petitioner's § 2254 petition under Rule 4 of the Rules Governing § 2254 Cases, it appears the petition should be dismissed for failure to exhaust state court remedies. But, a habeas petition should not be dismissed for failure to exhaust state remedies before the state has responded. McCartney v. Vitek, 902 F.2d 616 (8th Cir. 1990) (citing Ali v. State, 777 F.2d 1489, 1489–90 (11th Cir. 1985)).

Accordingly, the Clerk's office is directed to serve Director Bertsch with a copy of the petition in accordance with Rule 4 of the Federal Rules of Civil Procedure. Director Bertsch shall file an answer within thirty (30) days of service of the petition. If Director Bertsch intends to assert failure to exhaust as a defense, she should file a motion to dismiss along with any supporting documents limited to this issue within forty-five (45) days of service of the petition.

**IT IS SO ORDERED**.

Dated this 3rd day of January, 2019.

>  */s/ Charles S. Miller, Jr.*
> Charles S. Miller, Jr.
> United States Magistrate Judge