# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Richard Kolubah Jallah, | ) |
| Petitioner, | ) **ORDER GRANTING MOTION** |
| | ) **TO DISMISS** |
| vs. | ) |
| North Dakota, State of, | ) Case No. 1:18-cv-227 |
| Respondent. | ) |

Before the Court is a Motion to Dismiss Section 2254 Petition filed by the Respondent on January 15, 2019. (Doc. No. 8). The Respondent seeks dismissal of this action. In the alternative, she requests additional time to file a substantive response to the Petitioner's habeas petition. For the reasons set forth below, the Motion to Dismiss Section 2254 Petition is granted and the request for additional time is deemed moot.

## I.  BACKGROUND

The Petitioner was convicted in State Case No. 08-2017-CR-03178 of terrorizing. Petitioner pleaded guilty to the charge and received a sentence of one-year deferred imposition, a one-year term of unsupervised probation, and community service. Sometime thereafter, petitioner, a green card holder, was taken into Immigration and Customs Enforcement ("ICE") custody. Petitioner is currently incarcerated at the Sherburne County Jail in Elk River, Minnesota.

On November 5, 2018, the Petitioner filed a petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (Doc. No. 2). On January 3, 2019, the Court issued an order substituting Leann Bertsch, the Director of the North Dakota Department of Corrections and Rehabilitation, as the named respondent. (Doc. No. 6).

1

On January 15, 2019, the Respondent filed a Motion to Dismiss Section 2254 Petition. She asserts the Petitioner failed to exhaust his state court remedies as required by 28 U.S.C. § 2254(b)(1).

## II. DISCUSSION

Under § 2254, a federal court may review state court criminal proceedings to determine whether a person is being held in violation of the United State Constitution or other federal law. This review is limited because, as a matter of federalism and comity, primary responsibility for ensuring compliance with federal law in state court criminal proceedings rests with the state courts. Consequently, federal court intervention is limited under § 2254(d) to the instances in which a person is being held in custody pursuant to a state court decision that (1) is directly contrary to established federal law as enunciated by the United States Supreme Court, (2) is an objectively unreasonable application of Supreme Court precedent, or (3) is based on an unreasonable determination of the facts based on the evidence presented in the state court proceeding. See generally Woodford v. Visciotti, 537 U.S. 19, 26–27 (2002) (per curium); Williams v. Taylor, 529 U.S. 362, 399–413 (2000); Williams v. Taylor, 529 U.S. 420, 436–37 (2000).

§ 2254 contains additional rules and procedures for ensuring that state court convictions are given the maximum effect as allowed by law and to limit federal court "retrials" of state court criminal proceedings under the guise of federal habeas corpus. See Bell v. Bradford, 535 U.S. 685, 693 (2003). Under § 2254(b), a federal court may only consider habeas claims that have been first properly presented to the state courts and exhausted using available state law procedures. See e.g., Rhines v. Weber, 125 S.Ct. 1528, 1533 (2006); Dixon v. Dormire, 263 F.3d 774, 777 (8th Cir. 2001). With limited exceptions, claims that have been procedurally defaulted at the state level are not subject to review in federal court.

It is clear the Petitioner did not exhaust his available state court remedies prior to initiating the above-entitled action. The Register of Actions in State Case No. 08-2017-CR-03178 shows that the Petitioner has not filed an application for post-conviction relief in state court. Under N.D.C.C. § 29-31.1-01 a state application for post-conviction relief must be filed within two years of the date the conviction becomes final. Because Petitioner was sentenced on December 11, 2017, and filed no appeal, his conviction became final thirty days after the entry of judgment—January 10, 2018.[1] Therefore, Petitioner is still well within the two-year time period to file an application for post-conviction relief in state court. Because Petitioner has failed to exhaust state remedies his habeas petition must be dismissed.

## III.   CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may be issued only if the applicant has made a substantial showing of the denial of a constitution right. When the court has rejected a petitioner's claim on the merits, the substantial showing required is that the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)); see also United States v. Lambros, 404 F.3d 1034, 1036–37 (8th Cir. 2005); Garrett v. United States, 211 F.3d 1075, 1076–77 (8th Cir. 2000); When the court denies a petitioner's claim on procedural grounds without reaching the merits, the petitioner must demonstrate that reasonable jurists would find it debatable that a valid

---

[1] Under North Dakota law a conviction becomes final for purpose of post-conviction relief applications when (1) the time for appeal of the conviction to the North Dakota supreme court expires; (2) if an appeal was taken to the North Dakota Supreme Court, the time for petitioning the United States Supreme Court for review expires; or (3) if review was sought in the United States Supreme Court, the date the Supreme Court issues a final order in the case. N.D.C.C. § 29-32.1-01.

claim for the denial of constitutional rights has been stated and that the district court was correct in its procedural ruling. Slack, 529 U.S. at 484.

In this case, reasonable jurists would not find debatable the court's dismissal of Robinson's petition on the grounds that it is untimely. Consequently, the court will not issue a certificate of appealability.

## V. CONCLUSION

The Respondent's request for additional time to file a substantive response to the Petitioner's habeas petition is deemed **MOOT**. The Respondent's Motion to Dismiss Section 2254 Petition (Doc. No. 8) is **GRANTED** and the Petitioner's habeas petition (Doc. No. 2) is **DENIED WITH PREJUDICE**. The court will not issue a certificate of appealability.

**IT IS SO ORDERED.**

Dated this 15th day of April, 2019.

> */s/ Clare R. Hochhalter*
> Clare R. Hochhalter
> United States Magistrate Judge